UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        Case No. 18-cv-212-pp

FOUR C FARMS LLC, RICHARD DANIEL CORNUE,
MARY JEAN DANE-CORNUE, CAPITAL ONE BANK USA NA,
and JUNG SEED GENETICS ,

      Defendants.

---

**ORDER GRANTING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANTS FOUR C FARMS, RICHARD D. CORNUE AND MARY JEAN DANE-CORNUE (DKT. NO. 17), GRANTING THE PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST CAPITAL ONE BANK USA NA AND JUNG SEED GENETICS (DKT. NO. 17), AND DISMISSING CASE**

---

      The plaintiff filed this case to foreclose on several loan instruments executed by defendants Four C Farms, Richard D. Cornue and Mary Jean Dane-Cornue. In their answer, Four C Farms, Richard D. Cornue and Mary Jean Dane-Cornue admitted to the validity of the instruments and the debt. At the same time, they denied defaulting under the terms of the loan and "lacked sufficient information" to form a belief about the amount of the outstanding debt. Neither Four C Farms nor the Cornues responded to the defendant's summary judgment motion. Two of the junior creditors, Capital One Bank USA NA and Jung Seed Genetics, never responded to the complaint. The court will grant the plaintiff's summary judgment motion and motion for default judgment.

I.   **Plaintiff's Motion for Summary Judgment**

   A.   Summary Judgment Standard

A court grants summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The court "must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party." Majors v. Gen. Elec. Co., 714 F.3d 527, 532-33 (7th Cir. 2013) (citation omitted).

To avoid summary judgment, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." Liberty Lobby, 477 U.S. at 250. Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Ellis v. CCA of Tenn. LLC, 650 F.3d 640, 646 (7th Cir. 2011) (quoting Celotex, 477 U.S. at 322). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475

U.S. 574, 586 (1986). For purposes of summary judgment, the court deems uncontroverted statements of fact admitted. Civ. L.R. 56(b)(6)(E.D. Wis.).

    B.    <u>Findings of Fact</u>

Defendants Four C Farms, Richard D. Cornue, and Mary Jean Dane-Cornue (collectively, "Four C Farms") executed two promissory notes in favor of the Farm Service Agency on November 14, 2014. Dkt. Nos. 19 at ¶2; 19-1; 19-2; 3 at ¶3; 12 at ¶2. The loans were secured by a security agreement covering all farm products, crops, livestock and farm equipment (collectively the "chattel") owned, or acquired by Four C Farms. Dkt. Nos. 19 at ¶3; 19-3; 3 at ¶4; 12 at ¶2. On November 14, 2014, Four C Farms also executed a mortgage in favor of the FSA for specified parcels at its farm in Walworth, Wisconsin. The United States recorded the mortgage with the Walworth County Register of Deeds. Dkt. Nos. 19 at ¶4; 19-4; 3 at ¶8; 12 at ¶5.

The promissory notes required Four C Farms to make annual installment payments by November 14th of each calendar year for thirty years. Four C Farms failed to make multiple annual payments. Four C Farms has not made any voluntary payments toward the two loans at issue since June 27, 2016 and, as a result, remains in default under the terms of the loan instruments. Dkt. Nos. 19 at ¶ 5; 19-1 at ¶11; 19-2 at ¶11; 19-3 at 4(b); 19-4 at ¶27. Upon default, the security agreement and mortgage executed by Four C Farms provide that FSA may among other things (1) declare the entire unpaid amount immediately due and payable and (2) foreclose on the instruments and sell the real property and chattel securing the loans. Dkt. No. 19 at ¶6; 19-3 at 4(b);

19-4 at ¶27. When Four C Farms first became more than ninety days delinquent on its loans, the Farm Service Agency provided it with information about potentially available loan servicing options to allow it to modify the payment terms on the loans, including information about the Agency's loan deferment program. Dkt. No. 19 at ¶7; 19-5.

Under the FSA's regulations, Four C Farms had sixty days from receipt of the notice of availability of loan servicing to apply for loan servicing, including a loan deferment. An application for a loan deferment must give detailed financial information supporting the requested deferment, including a feasible farm operating plan showing that the borrower will have a positive cash flow during and after the deferment period. Four C Farms failed to submit such application. Dkt. No. 19 at ¶8. On September 5, 2017, the FSA served Four C Farms with a Notice of Acceleration and Demand for Payment of its entire outstanding debt. Id. at ¶9. As permitted under federal regulations, the Farm Service Agency collected $6,970.51 under the Treasury Offset Program following Four C Farms' default. Dkt. No. 19-7.

Four C Farms has not made any voluntary payments since receipt of the Notice of Acceleration. Dkt. No. 19 at ¶ 10. The United States initiated foreclosure proceedings against Four C Farms and filed this complaint on February 8, 2018. Dkt. No. 1. Due notice of the pendency of this case was filed with the Register of Deeds for Walworth County on March 19, 2018. Dkt. No. 20 at ¶ 2; 20-1. The current outstanding balance owed to the United States by Four C Farms on the loans is $639,563.00 in principal and interest; additional

4

interest continues to accrue at the rate of $47.8969 per day. Dkt. No. 19 at ¶12; 19-7.

    C.    <u>Analysis</u>

Four C Farms executed the two promissory notes totaling $600,000, requiring installment payments by November 14th each year for thirty years. Dkt. Nos. 19-1 at ¶11; 19-2 at ¶11. Four C Farms and the Cornues signed the security agreement covering all farm products, crops, livestock and farm equipment owned by Four C Farms. Dkt. No. 19-3. Four C Farms made its last payment on June 27, 2016. Dkt. No. 19 at ¶5. Among other things, the mortgage—executed on November 14, 2014—provides that in the event of default the government could declare the entire amount unpaid under the note and any debt to the government immediately due and payable or immediately foreclose and sell the property as prescribed by law. Dkt. No. 19-4.

The record establishes that the Farm Service Agency provided Four C Farms with servicing options and notice of acceleration as required by the regulations, 7 C.F.R. §§766.101, 766.355. Dkt. Nos. 19-5; 19-6. The regulations gave Four C Farms sixty days from receipt of the notice to apply for loan servicing, including loan deferment. Dkt. No. 19 at ¶8. Four C Farms failed to make any payments after receiving the notice of acceleration. Records filed with the summary judgment motion establish that Four C Farms owes the United States $639,563.00 in principal, interest and other fees as of October 3, 2018, with interest accruing at the rate of $47.8969 per day. Dkt. No. 7. Because Four C Farms and the Cornues did not timely respond to the

5

summary judgment motion, the court deems all of the plaintiff's proposed findings of fact admitted and will enter judgment in favor of the plaintiff. The findings establish the validity of the loan instruments, the default on the payments, and the amount of the outstanding debt.

## II. Plaintiff's Motion for Default Judgment

### A. Standard of Review for Motion for Default Judgment

Federal Rule of Civil Procedure 55 requires a two-step process before the entry of default judgment. A party first must seek an entry of default based on the opposing party's failure to plead. Fed. R. Civ. P. 55(a). Here, the plaintiff requested the entry of default against Jung Seed Genetics and Capital One Bank USA NA on July 16, 2018, dkt. no. 14, and the clerk of court entered default the next day. After the entry of default, a plaintiff may move for default judgment under Rule 55(b). Fed. R. Civ. P. 55(b). When the court determines a defendant is in default, the court takes as true the factual allegations in the complaint. Black v. Lane, 22 F.3d 1395, 1399 (7th Cir. 1994).

### B. Defendants Failed to Answer or Otherwise Plead

The plaintiff sent a waiver of service to defendant Jung Seed Genetics on February 26, 2018, which the defendant returned executed on March 5, 2018. Dkt. No. 4. Assistant General Counsel Alice E. Conway of Monsanto Company signed the waiver of service on behalf of Jung Seed Genetics. Id.

On May 3, 2018, the plaintiff filed a motion for extension of time to serve defendant Capital One Bank USA NA. Dkt. No. 10. The court granted the motion and extended the time to serve through June 22, 2018. The plaintiff

6

served Capital One Bank USA NA on May 23, 2018 and docketed the executed summons on June 13, 2018. Dkt. No. 13.

The plaintiff asked for entry of default on July 16, 2018, supported by the declaration of Assistant United States Attorney Michael A. Carter. Dkt. Nos. 14, 15. The clerk of court entered the default the next day.

    C.    <u>Conclusions of Law</u>

At paragraph 13 of the amended complaint, the plaintiff alleged that the other defendants named in this case may have interests in the mortgaged premises, but that any such interests are junior and subordinate to the interests of the plaintiff. Dkt. No. 3 at ¶13. AUSA Carter filed a declaration in support of the motion stating that, based on his review of public records, on or about March 31, 2017, Jung Seed Genetics obtained a money judgment against Four C Farms, LLC, in the amount of $19,354.76 in <u>Jung Seed Co. v. Four C Farms LLC</u>, 2016CV00811 in Wisconsin Circuit Court for Walworth County. Dkt. No. 20 at ¶8. On or about January 14, 2016, Capital One Bank USA NA obtained a money judgment against Richard Cornue in the amount of $1,409.52 in <u>Capital One Bank USA NA v. Richard D. Cornue</u>, 2015SC001686 in Wisconsin Circuit Court for Walworth County. <u>Id.</u> at ¶9. Because any judgment interests in the mortgaged premises and chattel held by Jung Seed Genetics and Capital One Bank USA NA arose after the government's security interests (dating back to 2014), the plaintiff is entitled to judgment against these defendants foreclosing their interests in the mortgaged premises and chattel.

7

### III. Conclusion

The court **GRANTS** the plaintiff's motion for summary judgment. Dkt. No. 17.

The court **GRANTS** the plaintiff's motion for default judgment. Dkt. No. 17.

The court **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 27th day of December, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**